IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES MCDANIEL and FLOR MCDANIEL,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT<br><br>Case No. 1:20-CV-153 TS<br><br>District Judge Ted Stewart |

　　　　　This matter is before the Court on Defendant Liberty Mutual Fire Insurance Company's Motion to Dismiss or, Alternatively, Motion for More Definite Statement.  For the reasons discussed below, the Court will deny the Motion.

## I.  BACKGROUND

　　　　　Plaintiffs are the owners of real property located in Layton, Utah.  Plaintiffs obtained an insurance policy from Defendant insuring the property.  Plaintiffs allege that during the policy period they incurred a loss covered under the policy.  Plaintiffs contacted Defendant to open a claim.  However, Defendant allegedly failed to properly investigate or cover the claim.  Plaintiffs claim that they have suffered at least $98,210 in damages as a result of these alleged failures.

## II.  MOTION TO DISMISS STANDARD

　　　　　In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as

the nonmoving party.[1]  Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]  As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will   . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[6]

### III.  DISCUSSION

Plaintiffs assert two cause of action against Defendant: breach of contract and breach of the implied covenant of good faith and fair dealing.  Defendant seeks dismissal of both causes of action.

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

A.      BREACH OF CONTRACT

"The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[7]  Here, Plaintiffs allege the existence of a contract, namely the insurance policy covering the property.  While not explicitly stated, Plaintiffs' performance—payment—is implied by the issuance of the policy.  Plaintiffs further allege that Defendant breached the policy by failing to properly investigate the claim and failing to timely and fully pay Plaintiffs for covered losses.  Finally, Plaintiffs allege that they have suffered damages.  While Plaintiffs could have certainly done more to support their allegations, Plaintiffs' Complaint sufficiently states a claim for breach of contract.[8]

B.      GOOD FAITH AND FAIR DEALING

Plaintiffs' second cause of action asserts a breach of the covenant of good faith and fair dealing.  "In Utah, a plaintiff may sue on a contract for: (1) breach of the contract's express terms; and/or (2) breach of the covenant of good faith and fair dealing, which is an implied duty that inheres in every contractual relationship."[9]  The Utah Supreme Court has held that "the implied obligation of good faith performance contemplates, at the very least, that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly

---

[7] *Bair v. Axiom Design, L.L.C.*, 20 P.3d 388, 391 (Utah 2001), *abrogated on other grounds by A.S. v. R.S.*, 416 P.3d 465, 472 (Utah 2017).

[8] *See Mrs. Fields Franchising, LLC v. MFGPC*, 721 F. App'x 755, 760 (10th Cir. 2018).

[9] *Blakely v. USAA Cas. Ins. Co.*, 633 F.3d 944, 947 (10th Cir. 2011).

evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim."[10]

Plaintiffs allege that Defendant breached the duty of good faith and fair dealing by failing to properly investigate the claim, failing to fairly evaluate the claim, failing to promptly pay and settle the claim, failing to comply with Utah law regarding the handling of the claim, misrepresenting facts regarding policy provisions and coverages, asserting standards and terms not contained in the policy, and failing to deal with Plaintiffs as laymen.  Though many of these allegations are largely conclusory, in combination they are sufficient to make out a claim for breach of the implied covenant of good faith and fair dealing.  Because Plaintiffs' claims are adequately pleaded, there is no need for a more definite statement.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss or, Alternatively, Motion for More Definite Statement (Docket No. 11) is DENIED.

DATED this 28th day of January, 2021.

BY THE COURT:

Ted Stewart
United States District Judge

---

[10] *Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 801 (Utah 1985).